**In re Frederic Eugene GRABLE, Debtor.**

**Frederic Eugene GRABLE, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

Bankruptcy No. 95–20120–C.
Adv. No. 95–2008–C.

United States Bankruptcy Court,
W.D. Missouri,
Central Division.

Sept. 11, 1995.

Jerry W. Venters, Jefferson City, MO, for Debtor/Plaintiff.

Carol E. Schultze, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for Defendant.

**ORDER**

FRANK W. KOGER, Chief Judge.

Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Reform Act of 1978, in the Central Division of the Western District of Missouri. This adversary action arises from debtor's complaint to have certain debts owing to the Internal Revenue Service declared to be dischargeable in the bankruptcy proceeding.

On August 14, 1995, the Court granted debtor's motion for reconsideration of the Court's opinion filed August 4, 1995. The Court now rules as follows.

Gentle readers are well aware that while most pre-petition debts are dischargeable, 11 U.S.C. § 523 provides certain enumerated obligations which are not discharged in a Chapter 7 bankruptcy. One of those is a debt for a tax with respect to which a return, if required, was not filed, or was filed after the date on which said return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition. Although it was the 1988 and 1990 Federal Income Tax obli-

gations which the debtor sought to discharge, it was the posture of the Internal Revenue Service that said returns were not timely filed and in fact and in truth were filed less than two years before debtor's petition for relief was filed.

The adversary action was actually tried on July 18, 1995. The evidence adduced by the government was that the returns in question were received very belatedly, and within two years of the date of the filing of the petition for relief. Debtor testified, over objection of the Internal Revenue Service, that he had personally delivered the returns to the local post office where he was then residing. He further testified that copies had been supplied at a later date but more than two years before the filing of the petition when a question arose as to whether the original tax returns had been duly filed.

The objection of the I.R.S. to the testimony of the debtor was based upon 26 U.S.C. § 7502(a)(1) and (c) which in part provide that the date of the United States Postal Service postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be. It was the position of the I.R.S. that absent proof established by the postmark, debtor could not even testify that he had mailed the returns initially or had subsequently produced duplicate returns for the I.R.S. at a date earlier than they showed receipt.

The Eighth Circuit has considered the issue at some length in a case cited by both the debtor and counsel for the I.R.S. That case is *Estate of Wood v. Commissioner of Internal Revenue*, 909 F.2d 1155 (8th Cir.1990). In that case the Eighth Circuit allowed testimony of the preparer and mailer of the tax returns and the testimony of the post mistress, Marvel Staloch, who had personal knowledge, since she had been the post mistress of the Easton, Minnesota, one room post office, for eighteen years. Ms. Staloch recalled the mailing because the preparer and mailer told her what it was and why it had to be postmarked by a certain date when he delivered it to her. She recalled weighing, applying postage and the postmark.

The Court believes that the *Wood* case substantiates the position of the Federal Government. The Eighth Circuit opined that 26 U.S.C. § 7502 did not completely displace the common law presumption of delivery. However, the Eighth Circuit was careful to state that "The act of mailing is not significant for purposes of the statute but placement of the postmark is." *Wood*, 909 F.2d at 1161. Further, the Eighth Circuit in its conclusion stated "To obtain the benefit of § 7502, the taxpayer must offer proof of postmark—not mere evidence of mailing—as by the testimony of the postal employee who handled and stamped the document." *Id.* Under the circumstances of this case, the Court believes that the debtor did not establish the placement or dating of a postmark and that, therefore, the debtor's testimony cannot prevail against the evidence produced by the Internal Revenue Service as to the late receipt and time of receipt of the two returns in question.

Finally, lest the hearts of the readers hereof be too deeply wounded by the plight of the debtor, the Court notes that there was no evidence presented that the tax due on either return had ever been paid. In view of this fact as well as the law established by the Eighth Circuit the Court holds that the tax obligations for the years 1988 and 1990 which the debtor's complaint seeks to have declared dischargeable are **NONDISCHARGEABLE.**

The Internal Revenue Service concedes that the penalties and interest on those penalties assessed with respect to the debtor's 1988 and 1990 tax returns are dischargeable. Accordingly, the Court holds that the penalties and interest on those penalties assessed in connection with 1988 and 1990 tax returns are **DISCHARGEABLE.**

So ORDERED.